## In re GENDRON.

(District Court, D. Massachusetts. May 19, 1926.)

### No. 32785.

Bankruptcy ⟨⟩ 140(1)—Seller held not entitled to reclaim goods shipped in name of another, on order of bankrupt, to bankrupt's address.

Where an order for goods was received by seller from "L.'s Boot Shop," which was bankrupt's trade-name, but through mistake, for which bankrupt was not responsible, seller believed H. to be proprietor, and shipped and billed goods to H. at address of boot shop, in the absence of fraud, seller *held* not entitled to reclaim the goods from the trustee.

In Bankruptcy. In the matter of Leo E. Gendron, bankrupt. On review of order of referee, dismissing petition for reclamation. Affirmed.

Harold G. Jackson, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., of counsel), for creditor.

Richard C. Evarts, of Boston, Mass., for trustee.

BREWSTER, District Judge. From the referee's certificate for review the following facts appear:

That bankrupt was conducting a retail shoe store under the name of "Leo's Boot

'Shop" at 1743 Acushnet avenue, New Bedford, Mass. Parker Holmes & Co. Inc., jobbers in Boston, received an order from Leo's Boot Shop. Upon receipt of the order a salesman for Parker Holmes & Co. consulted his mercantile book of ratings, and found that under Leo's Boot Shop "Hugo A. Gendron," and not "Leo E. Gendron," was named as proprietor. Hugo A. Gendron was found to be financially responsible. No investigation was made regarding the credit worth of the bankrupt. The order was shipped and billed to "Hugo A. Gendron, Proprietor," at the address of Leo's Boot Shop. Statements were subsequently sent, covering the merchandise, but Parker Holmes & Co. never received any word from either Leo E. or Hugo A. Gendron. Neither Leo nor Hugo were responsible for the statement appearing in the mercantile publication. This was the first order that had been received from Hugo A. or Leo E. Gendron. Neither of the Gendrons represented to the seller that he was the proprietor of Leo's Boot Shop. The order was not personally solicited of either, but was apparently received by mail or telephone. Leo E. Gendron, the proprietor of Leo's Boot Shop, subsequently filed a voluntary petition in bankruptcy, and Parker Holmes & Co. brings a petition for reclamation on the ground that no title passed to the bankrupt by reason of the mistake made by their salesman respecting the identity of the proprietor of Leo's Boot Shop.

It is clear from the referee's certificate that the element of fraud is not present in the transaction. The creditor, and not the bankrupt, is responsible for the mistake. In England and in this state some doubt is expressed as to whether, in case of a sale to a swindler, the seller could recover the property or its value of an innocent purchaser. Cundy v. Lindsay, 3 Appeal Cases, 459; Lindsay v. Cundy, 1 Q. B. D. 348; Samuel v. Cheney, 135 Mass. 278, 46 Am. Rep. 467; Edmunds v. Merchants' Dispatch Transportation Co., 135 Mass. 283.

The case principally relied upon by the creditor (Newberry v. Norfolk & S. R. Co., 133 N. C. 45, 45 S. E. 356) is a case where a deliberate fraud was perpetrated and the purchaser was not an innocent purchaser. In the case at bar the situation is quite different. The order was received from Leo's Boot Shop. The merchandise was sent to Leo's Boot Shop. The seller was honestly mistaken as to the proprietor of the Boot Shop, but that mistake was not mutual. The bankrupt did not share in the mistake, nor was he in any way responsible for it. This situation does not entitle the vendor to the redress it seeks. Williston on Sales, § 656. I am of the opinion that, under the circumstances disclosed in the referee's certificate, the claimant does not show a title to the merchandise good as against the trustee in bankruptcy.

The order of the referee, dismissing the petition for reclamation, is affirmed.